CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 2 3 2017
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:13-cr-00007 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JAMES ALEXANDER SMITH, | ) | By: Michael F. Urbanski |
| Petitioner. | ) | Chief United States District Judge |

James Alexander Smith, a federal inmate proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government has filed a motion to dismiss, and the time allotted for Smith to respond has elapsed, making this matter ripe for consideration. After reviewing the record, the court concludes that the government's motion to dismiss must be granted and Smith's § 2255 motion must be dismissed as untimely.

I.

On January 17, 2013, a federal grand jury charged Smith with conspiracy to manufacture and attempted to manufacture 50 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 846 ("Count One"), various counts related to the manufacture of methamphetamine, ("Counts Two to Four); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) ("Count Five").

Smith pleaded guilty to Counts One and Five, pursuant to a written plea agreement. The Presentence Investigation Report ("PSR") recommended a total offense level of 29 based on the methamphetamine drug weight at issue, and a criminal history category of III, resulting in a guideline imprisonment range of 108 to 135 months' incarceration for Count

One.  PSR ¶ 63, ECF No. 46.  Count Five required a statutory mandatory minimum of 60 months' incarceration to be served consecutively to the term imposed for Count One.  Id. ¶ 62.  The court sentenced Smith to a total of 120 months' imprisonment, consisting of a term of 60 months on Count One and 60 months on Count Two, to be served consecutively. Smith did not appeal.  Smith filed this § 2255 motion alleging that the district court imposed an unconstitutional sentence in light of Johnson v. United States, 135 S. Ct. 2551, 2563 (2015).

The court appointed the Federal Public Defender's Office to represent Smith and provide supplemental briefing, if necessary, in light of Johnson, pursuant to Standing Order 2015-5.  Subsequently, the Federal Public Defender's Office declined to file additional pleadings and filed a motion to withdraw as counsel, which the court granted.  Notice of No Additional Filing at 1, ECF No. 70; Order, ECF No. 71.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  Smith bears the burden of proving grounds for a collateral attack by a preponderance of the evidence.  Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

A petition under § 2255 must adhere to strict statute of limitations requirements.  A person convicted of a federal offense must file a § 2255 motion within one year of the latest date on which:

(1) the judgment of conviction becomes final;

(2) the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Smith did not file within one year of his final judgment, which was entered on August 15, 2013, and so his claims are untimely under § 2255(f)(1). Smith's petition is also untimely under § 2255(f)(3). The Supreme Court's decision in Johnson, which was issued on June 26, 2015, announce a new rule of constitutional law that applies retroactively. Welch v. United States, 136 S. Ct. 1257, 1268 (2016). However, Johnson does not affect Smith's case, and so his petition does not fall within the § 2255(f)(3) exception.

Smith claims that he is entitled to relief under Johnson because his sentence was impermissibly enhanced by his prior convictions. This is not so. In Johnson, the Supreme Court limited the types of violent felonies that could be used as predicate offenses to support a defendant's enhanced sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B). Johnson, 135 S. Ct. at 2563. Johnson had no effect on predicate drug offenses used to support a defendant's sentence under the ACCA. Johnson has no applicability to Smith's case because he did not receive an enhanced sentence under the ACCA. See United States v. Hare, 820 F.3d 93, 105-06 (4th Cir. 2016) (noting that a defendant's conviction under 18 U.S.C. § 924(c) that was premised on a drug conviction does not implicate

3

Johnson). Instead, he pleaded guilty to possessing a firearm in furtherance of a drug trafficking crime. The sentence he received under § 924(c) was predicated on a drug trafficking offense. Accordingly, Smith's motion does not raise a Johnson claim. As a result, Smith has not stated a cognizable claim for relief and his motion is barred by the applicable one-year statute of limitations period. 18 U.S.C. § 2255(f).

III.

For the reasons stated, the court grants the government's motion to dismiss. Because Smith has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is denied.

ENTER: This 22nd day of August, 2017.

/s/ Michael F. Urbanski
Chief United States District Judge